UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL P. KEARNS, in his official capacity as Clerk of the County of Erie, New York<br><br>Plaintiff,<br><br>-v-<br><br>ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and MARK J.F. SCHROEDER, in his official capacity as Commissioner of the New York State Department of Motor Vehicles,<br><br>Defendants. | MEMORANDUM OF LAW OF DANIEL T. WARREN IN SUPPORT OF MOTION FOR INTERVENTION TO MOVE FOR DISMISSAL OF THE COMPLAINT OR ALTERNATIVELY TO BE PERMITTED TO PARTICIPATE AS AMICUS CURIAE<br><br>Case # 19-cv-902 |

PRELIMINARY STATEMENT

Plaintiff is an agent for the New York State Department of Motor Vehicles until the Commissioner of the Department of Motor Vehicles (VTL § 205; Complaint ¶¶ 12-13). As a result of this the County of Erie receives approximately $4 million Dollars in revenue that it would not receive otherwise. Movant Proposed Intervenor is a Taxpayer and resident of the County of Erie.

Plaintiff Michael P. Kearns in his official capacity as Erie County Clerk brings this action against various State Officers in their official capacity challenging a recently enacted Assembly Bill A3675-B which was signed into law by the Governor and became Chapter 37 of the Laws of New York 2019 and commonly referred to as the "Green Light Law." The grounds asserted by Plaintiff is that this law "conflicts with federal immigration law. The Supremacy Clause of the United States Constitution resolves the conflict in favor of federal law, rendering the Green Light Law unconstitutional." (Complaint ¶ 2). Additionally, Plaintiff alleges that he may potentially be subject to

federal prosecution under 8 U.S.C. § 1324 and/or removed from Office by Defendant Governor Andrew Cuomo and/or Defendant NYS Attorney General Letitia James.

Nowhere in his Complaint does Plaintiff complain or even appears concerned with the potential loss of revenue to the County of Erie if Defendant Schroeder decides to exercise his authority as Commissioner of the Department of Motor Vehicles to take over the operations Plaintiff currently performs with State Personnel thereby eliminating the revenue sharing currently enjoyed by the County of Erie and increasing the tax burden to be borne by the taxpayers of the County of Erie including Movant-Intervenor.

In this action we have a politician suing other politicians because he does not like the law they passed. What is missing from this action is the taxpayer that will be affected due to the potential loss of this revenue to the County of Erie thereby shifting the burden of making up this lost revenue by paying higher taxes to the taxpayers. By refusing to comply with a duly enacted statute Plaintiff has upset the orderly operation of government and seeks to blur the concept of federalism for his own political gain to the detriment of the taxpayers of the County of Erie.

### APPLICABLE STANDARD FOR INTERVENTION UNDER FRCP 24 (A)(2)

F.R.C.P. 24(a)(2) provides for Intervention of Right as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under Rule 24(a)(2), to intervene as of right, "the moving party must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Allen v. Dairy Farmers of America, Inc., No. 5:09-cv-230, 2015 WL 4758255, at *5 (D. Vt. Aug. 11, 2015) quoting Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir.2014) (quoting R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir.2006)).

**(1) TIMELY APPLICATION.**

This application to intervene is timely made since this action was commenced on or about July 8, 2019 and this application is made within the 21 days for a responsive pleading even if it was served on the same day it was commenced. The time for Defendant's to Answer the complaint has been stayed until at least September 25, 2019. Plaintiff has filed a motion for a preliminary injunction that is currently scheduled to be heard on September 15, 2019 with Defendant's papers in opposition is due on August 16, 2019.

**(2) Show an Interest in the Action.**

To show an interest in the pending action, Movant-Intervenor must demonstrate that hiss interest is "direct, substantial, and legally protectable." Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 96-97 (2d Cir.1990). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy [Rule 24(a)(2) ]." United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir.2001) (internal quotation marks omitted). See Bridgeport Guardians, Inc. v. Delmonte, 602 F.3d 469, 473 (2d Cir.2010) ("For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.' ")(quoting Wash. Elec. Coop., Inc., 922 F.2d at 97).

Movant-Intervenor has an interest in this action and does not seek any different relief that the State Defendants. As a result of this Intervenor does not need to meet the standing required to bring an independent action since the Defendants clearly do have standing (Town of Chester v. Laroe Estates, Inc., 137 S. Ct. 1645 (2017)). In any event Movant-Intervenor does have taxpayer standing to oppose the plaintiff in this action as more fully appears below.

Movant-Intervenor is a citizen taxpayer as that term is defined by State Finance Law § 123.

Movant-Intervenor is a taxpayer as that term is defined in General Municipal Law § 51.

Plaintiff for his part receives a percentage of the revenue he collects performing his functions as an agent of the New York State Department of Motor Vehicles (VTL 205; Complaint ¶¶ 12-13).

Plaintiff has launched a campaign and urges residents of Erie County to complete their DMV transactions at the Erie County Auto Bureau in order to generate more revenue to the County of Erie (See: http://www2.erie.gov/renewlocal/ "Help keep $1.5 million dollars of your hard earned tax dollars right here in Erie County! "Just Mail It" using our postage-paid, signature green envelope or go to any of the Erie County Auto Bureaus to help keep 12.7% of your auto registration renewal here. When you mail it directly to Albany or renew it online with NYS DMV, Erie County taxpayers get 0%.").

In the current budget for the County of Erie it is anticipated that the County will receive a net amount of $4,416,652. In 2018 this function generated $4,699,218 in revenue to Erie County and in 2017 it generated $5,106,551 in revenue (Exhibit "A" of the Declaration of Daniel T. Warren).

However, by failing to carry out the "Green Light Law" Plaintiff is turning away revenue that would be used to increase the amount Erie County receives. Plaintiff's action constitutes an illegal act and a waste of taxpayer money to the County of Erie and the State of New York.

Also, by elevating what Plaintiff perceives as federal authority by way of the Supremacy Clause the way he does he elevates the sovereignty of the National Government over our State's sovereignty.

Hamilton's reasoning in The Federalist No. 32 that the plan of the Constitutional Convention did not contemplate "an entire consolidation of the States into one complete national sovereignty," but only a partial consolidation in which "the State governments would clearly retain all the rights of sovereignty which they before had, and which were not, by that act, exclusively delegated to the United States." The Federalist No. 32, at 198. The text of the Tenth Amendment unambiguously confirms this principle "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people. "U.S. Const. amend. X. The Tenth Amendment is the core expression of federalism. As the Supreme Court has said, "[t]he Framers concluded that allocation of powers between the National Government and the States enhances freedom, first by protecting the integrity of the governments themselves[.]" Bond v. United States, 564 U. S. 211, 131 S. Ct. 2355.

While the particulars of Tenth Amendment jurisprudence have shifted through the decades, the Supreme Court has never wavered from its "conviction that the Constitution precludes 'the National Government [from] devour[ing] the essentials of state sovereignty.' " Garcia v. San Antonio Transit Auth., 469 U.S. 528, 547 (1985).

To read Federal Laws on the issue of immigration to require the State to take action or decline to act in order to ensure their success is to sanction Congress' use of the State as a mere agent serving the interests of the federal government to the detriment of the interests of State citizens. Alden v. Maine, 527 U.S. 706 (1999).

**(3) Demonstrate that the Interest may be Impaired by the Disposition of the Action.**

In evaluating this third factor under Rule 24(a)(2), criteria for consideration has previously included whether the Movant-Intervenor's absence from the litigation would be the cause of any harm to its interests; whether the Movant-Intervenor's presence would allow it to protect its interests; and whether the intervenor's ability to protect its interests would be impaired or impeded because it is denied intervention. Mastercard International Incorporated v. Visa International Service Association, Inc., 471 F.3d 377, 390 (2d Cir. 2006).

This action may be disposed in such a manner that does not protect Movant-Intervenor's interests in preserving the revenue stream that the Erie County Auto-Bureau provides to the general fund of Erie County and result in an increase in his taxes. For example, the State Defendants may choose to take on this function themselves and render this action moot rather than vigorously defend this action.

Movant-Intervenor's ability to protect his interests will be both impaired and impeded if he is denied intervention. There is no other party which is even concerned with preserving this revenue stream that helps ease the burden of the taxpayers of Erie County.

**(4) Show that the Interest is not Protected Adequately by the Parties to the Action.**

Generally, the burden of demonstrating inadequate representation by an existing party should be "minimal." Trbovich v. United Mine Workers of America, 404 U.S. 528, n. 10 (1972). However, the parens patriae doctrine creates a stronger presumption that an intervenor's interests are represented when a state is a party to an action. See, for example, Envtl. Def. Fund, Inc. v. Higginson, 631 F.2d 738, 739-40 (D.C. Cir. 1979). In instances where the state is not the party bringing suit, courts have looked to "(1) whether the government entity has demonstrated the motivation to litigate vigorously and to present all colorable contentions, and (2) the capacity of that entity to defend its own interests

and those of the prospective intervenor". Herdman v. Town of Angelica, 163 F.R.D. 180, 190 (W.D.N.Y. 1995); see also Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983) (finding adequacy of representation depends on whether the party is capable and willing to make all of proposed intervenor's arguments, whether proposed intervenor offers a necessary element or different perspective to the proceedings that would otherwise be neglected, and proposed intervenor's expertise).

Here, the State Defendants will not adequately represent the Movant-Intervenors' focused interests on the revenue the Plaintiff's function as agent to the New York State Department of Motor Vehicles brings to the general fund of the County of Erie to the benefit of its taxpayers, as Movant-Intervenor and the State Defendants do not share the same interests.

### APPLICABLE STANDARD FOR INTERVENTION UNDER FRCP 24(B)(1)(B)

If the Court determines that Movant-Intervenor has not satisfied all of the requirements for intervention as of right, the Court should grant permissive intervention under Rule 24(b). Rule 24(b) permits intervention where an applicant's claim or defense, in addition to being timely, possesses questions of law or fact in common with the existing action. Fed. R. Civ. P. 24(b)(1)(B). This is a substantially lower burden than the test for intervention as of right under Rule 24(a) since it entirely omits any requirement relating to interests or adequacy of representation and, like intervention of right, permissive intervention is to be granted liberally.

As shown above, this motion is timely and granting the motion will not prejudice the proceedings or the existing parties. Moreover, Movant-Intervenor intends to respond directly to the Plaintiff's challenges to the lawfulness of the State Defendants' actions and Plaintiff's legal capacity to bring this action. See Nat. Res. Def. Council, Inc. v. Tenn. Valley Auth., 340 F. Supp. 400, 408-09 (S.D.N.Y. 1971), rev'd on other grounds, 459 F.2d 255 (2d Cir. 1972) (granting intervention when

complaint presented common questions of law and fact with the main action). Accordingly, permissive intervention is also warranted.

### ALTERNATIVELY, DANIEL T. WARREN SHOULD BE GRANTED AMICI CURIAE STATUS

While there is no governing standard for obtaining leave to submit an amicus brief in New York district court, the usual rational for such submissions is that they "are of aid to the court and offer insights not available from the parties." United States v. El–Gabrowny, 844 F.Supp. 955, n. 1 (S.D.N.Y.1994) (citing United States v. Gotti, 755 F.Supp. 1157, 1158–59 (E.D.N.Y.1991)). Movant-Intervenor's unique interests discussed in detail above, demonstrate Movant-Intervenor's ability to provide insights beyond those provided by the State Defendants and which would aid the court in resolution of this matter.

### CONCLUSION

For the foregoing reasons, Daniel T. Warren respectfully request that the Court grant his Motion to Intervene. In the event that this Court does not grant intervention, Movant-Intervenors respectfully request that this Court grant Movant-Intervenors amici curiae status.

DATED:    August 5, 2019
          Buffalo, New York

                                        _____
                                        Daniel T. Warren
                                        Movant-Intervenor, Pro Se
                                        836 Indian Church Road
                                        West Seneca, New York 14224
                                        716-265-0526