UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL P. KEARNS, in his official capacity as
Clerk of the County of Erie, New York,

                    Plaintiff,

vs.                                                   Civil Case No. 19-CV-902-EAW

ANDREW M. CUOMO, in his official capacity as
Governor of the State of New York,
LETITIA A. JAMES, in her official capacity as
Attorney General of the State of New York, and
MARK J.F. SCHROEDER, in his official capacity as
Commissioner of the New York State Department of
Motor Vehicles,

                    Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW
## IN RESPONSE TO DANIEL T. WARREN'S MOTION
## <u>TO INTERVENE AND/OR SUBMIT AN AMICUS BRIEF</u>



MICHAEL A. SIRAGUSA, Erie County
Attorney and Attorney for Plaintiff Michael
P. Kearns in his official capacity as
Clerk of the County of Erie, New York

KENNETH KIRBY, ESQ.
THOMAS J. NAVARRO, JR. ESQ.
Assistant County Attorneys, of Counsel
95 Franklin Street, Suite 1635
Buffalo, NY 14202
(716) 858-2208

## **Table of Contents**

                                                                                    Page

Preliminary Statement.......................................................................................................1

Factual Background .........................................................................................................1

Argument .........................................................................................................................2

I.      Mr. Warren fails to meet the criteria for as-of-right intervention.......................2

        A.      Absent allegations of fraud or unlawful expenditures, a general taxpayer
                like Mr. Warren lacks a legally protectable interest. ...............................2

        B.      The existing parties already protect Mr. Warren's purported "interest." ...............4

II.     The Court should deny Mr. Warren's request for permissive intervention because he
        seeks to inject a collateral or extraneous issue into this action...........................................5

Conclusion .......................................................................................................................6

## **Preliminary Statement**

Unsurprisingly, this case has drawn significant attention, some of which appears to be designed to distract the Court from the narrow legal issues set forth in the Complaint—whether the process New York has chosen to provide licenses to, and shield from detection, undocumented persons creates a conflict between the state and federal law.  Here, Daniel T. Warren makes no claim of injury under the Green Light Law (*e.g.*, that he would be denied a license), but rather claims an interest supporting intervention solely on the basis that he is a taxpayer in the County of Erie.  This is an insufficient basis for as-of-right intervention.  And even if this were a valid "interest" (although it is not), it is adequately protected by the existing defendants, who likewise seek to dismiss this action on substantially similar legal grounds.  The Court also should deny Mr. Warren's request for permissive intervention because he improperly seeks to inject collateral and extraneous issues regarding the County Budget—unrelated to the constitutionality of the Green Light Law—into this action.

Plaintiff Michael P. Kearns takes no position on Mr. Warren's request to submit an amicus brief, although the proposed submission seems unnecessary as it largely duplicates arguments already raised by defendants' motion to dismiss.

## **Factual Background**

The factual background for this matter is already set forth in Plaintiff's Memorandum of Law in support of his motion for a preliminary injunction.  *See* Dkt. No. 3-16. Mr. Kearns refers to the same here.

## Argument

### I.      Mr. Warren fails to meet the criteria for as-of-right intervention.

Federal Rule of Civil Procedure 24(a) governs intervention as of right.  It requires

Mr. Warren to demonstrate that he either has an unconditional right to intervene by federal

statute (which he does not claim here), or that that he has:  (1) in interest in the action; (2) which

may be impaired by disposition of the action; and (3) and which the existing parties do not

adequately represent.[1]  Mr. Warren fails to meet each of these criteria, and the interests of justice

would not be advanced by his participation.  While determinations regarding intervention are

within the Court's broad discretion, *see United States v. City of New York*, 198 F.3d 360, 364 (2d

Cir. 1999), for the reasons set forth below, the Court should deny Mr. Warren's motion.


### A.      Absent allegations of fraud or unlawful expenditures, a general taxpayer like Mr. Warren lacks a legally protectable interest.

Mr. Warren's claim of standing is based on an attenuated assertion of potential

loss of County revenue, rather than any interest covered by statute.  He misunderstands the case

before the Court.  Mr Kearns' compliance with state law places his (and his staff's) liberty

interest in jeopardy, while non-compliance threatens his elective office and his property interest

in his employment.  As neither prong of Mr. Kearns' horned dilemma affects the revenues of the

County, and the claimed statutes under which Mr. Warren asserts standing do not relate to

revenue loss, his claim fails.

Under New York law, Mr. Warren's status as an Erie County taxpayer is not a

cognizable interest sufficient for intervention.  In support of his argument, Mr. Warren cites N.Y.

State Finance Law § 123 and N.Y. General Municipal Law § 51 as the bases for this interest.

---

[1]      Mr. Kearns does not argue that Mr. Warren's motion is untimely.

But both statutes, which permit certain types of taxpayer actions, require a specific showing of fraud or unlawful expenditures.  There is no such showing here, and they do not apply. Therefore, he has no standing or basis to assert such an interest.

Section 123-b of State Finance Law allows a "citizen taxpayer" to bring an action against a state officer or employee who "is now causing, or is about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property. . . ."  The statute applies only to state funds and not municipal funds, and therefore provides no assistance to Mr. Warren.  *See Quigley v. Town of Ulster* 66 A.D.3d 1295 (3d Dept. 2009) (Petitioners claiming loss of town tax revenue due to a PILOT Agreement lack standing under State Finance Law § 123–b(1) as they do not assert that state funds were unlawfully expended).  As the Court of Appeals explained in *Godfrey v. Spano*, 13 N.Y.3d 358, 374–75 (2009), "there must be some specific threat of an imminent expenditure. '[C]ourts have been inhospitable to plaintiffs who seek essentially to challenge nonfiscal activities by invoking the convenient statutory hook of section 123–b.'"  *Id.* (quoting *Saratoga County Chamber of Commerce v. Pataki*, 100 N.Y.2d 801, 813(2003)).

Similarly, a taxpayer suit under General Municipal Law § 51 "lies only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes."  *Id.* (quoting *Mesivta of Forest Hills Inst v. City of New York*, 58 N.Y.2d 1014, 1016 (1983)).

Mr. Warren makes no claim that Mr. Kearns is making any kind of imminent expenditure of public funds.  Indeed, Mr. Warren speculates that, at some point in the future, the DMV Commissioner could, possibly, stop authorizing Mr. Kearns to issue driver's licenses,

3

thereby depriving the County of Erie of related revenue. *This is not an expenditure*. Therefore, there is no claim that Mr. Kearns has acted unlawfully as it relates to revenue.

Finally, General Municipal Law § 51 requires a filing of a bond and Mr. Warren has made no effort to comply with that mandate.

Additionally, Mr. Warren lacks common-law taxpayer standing to assert an interest here, which is reserved for taxpayers where "the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny *of legislative action*." *Colella v. Bd. of Assessors of Cty. of Nassau*, 95 N.Y.2d 401, 410 (2000) (emphasis added) (quoting *Boryszewski v. Brydges*, 37 N.Y.2d 361, 364 (1975)). Mr. Warren does not challenge any "legislative action" here. And there is no impenetrable barrier to judicial scrutiny. Indeed, the existing defendants already seek judicial scrutiny of Mr. Kearns' claim that the Green Light Law in unconstitutional. Mr. Warren has no legal interest in this action, common-law or otherwise.

**B.     The existing parties already protect Mr. Warren's purported "interest."**

The existing defendants seek the same outcome as Mr. Warren: a determination that the Green Light Law is constitutional. Therefore, even if Mr. Warren had a legal "interest" in the disposition of this action (although he does not), defendants are adequately representing it. Indeed, Mr. Warren seeks to move to dismiss the Complaint on substantially similar legal grounds as defendants. A ruling in their favor would achieve Mr. Warren's objective.

Mr. Warren cites *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006), which actually supports the denial of his motion. There, the court held that "if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)." Mr. Warren is not a necessary party. He cannot intervene.

4

**II.     The Court should deny Mr. Warren's request for permissive intervention because he seeks to inject a collateral or extraneous issue into this action.**

Federal Rule of Civil Procedure 24(b) governs permissive intervention, which the Court may permit if the movant has a conditional right of intervention by a federal statute (which Mr. Warren does not claim), or if he has "a claim or defense that shares with the main action a common question of law or fact."

The Second Circuit has affirmed the denial of such motions where the movant seeks to inject "collateral" or "extraneous" issues into the action. *See United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999) (in an action to enforce obligations of the Safe Water Drinking Act, "the proposed intervenors, although broadly related to the subject matter of this action, are extraneous to the issues before the court, ... intervention would indeed unduly delay the adjudication of the rights of the existing parties to the action."); *Lopez Torres v. New York State Bd. of Elections*, 300 F. App'x 106, 107 (2d Cir. 2008) ("[movant] seeks to impermissibly interject collateral issues into an existing action" regarding allegedly "rigged" judicial elections).

By moving to intervene, Mr. Warren seeks to introduce into this action a collateral and extraneous issue, *i.e.*, the hypothetical effect of Mr. Kearns' legal position on Erie County's revenues if, at some future point, the DMV Commissioner were to decide not to authorize Mr. Kearns to issue driver's licenses. Mr. Kearns and the defendants seek to move this case forward expeditiously and to facilitate a ruling before the Green Light Law takes effect on December 14, 2019. Every moment dedicated to Mr. Warren's collateral and speculative issue will delay the timely adjudication of the primary issue, *i.e.*, whether the Green Light Law is constitutional.

5

## **Conclusion**

For the foregoing reasons, the Court should deny Mr. Warren's motion to

intervene.  Mr. Kearns takes no position on Mr. Warren's alternative motion to submit an amicus

brief, although such a submission seems unnecessary, given the substantially similar legal

arguments already raised by defendants.

Dated:          August 22, 2019
                Buffalo, New York

MICHAEL A. SIRAGUSA, Erie County
Attorney and Attorney for Plaintiff Michael
P. Kearns in his official capacity as
Clerk of the County of Erie, New York

By:    s/ Kenneth R. Kirby
       KENNETH R. KIRBY, ESQ.
       Assistant County Attorney, of Counsel
       95 Franklin Street, Suite 1635
       Buffalo, NY  14202
       Tel:  (716) 858-2208
       Email: kenneth.kirby@erie.gov

By:    s/Thomas J. Navarro, Jr.
       THOMAS J. NAVARRO, JR.
       Assistant County Attorney, of Counsel
       95 Franklin Street, Suite 1635
       Buffalo, NY  14202
       Tel:  (716) 858-2208
       Email: thomas.navarro@erie.gov

## CERTIFICATE OF SERVICE

We hereby certify that on August 22, 2019 we electronically filed the foregoing with the clerk of the District Court using its CM/ECF system, and on the same date we mailed a true copy of the foregoing, via the United States Postal Service, to the following non-CM/ECF participant at the following address, by depositing into a United States Postal Service receptacle/depository provided for the same, a true copy of the foregoing, sealed in a postage prepaid, properly addressed wrapper, addressed to the Plaintiff *Pro Se* as follows, which is his last known address:

Daniel T. Warren, *Pro Se*
836 Indian Church Road
West Seneca, NY 14224


AND, we hereby certify that on August 22, 2019 we electronically filed with the clerk of District Court using its CM/ECF system, and on the same date the court's CM/ECF system caused to be (electronically) served the foregoing to the following CM/ECF participant at the following (email) addresses:

George M. Zimmerman, Esq.
New York State Office of the Attorney General
Attorney for the Defendant(s) Governor Andrew M. Cuomo, Attorney General Letitia A. James, and Commissioner of the New York State Department of Motor Vehicles Mark J.F. Schroeder.

**Office & P. O. Address:**
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York 14202
Phone: (716) 853-8400
Email: George.Zimmerman@ag.ny.gov


Joel J. Terragnoli, Esq.
New York State Office of the Attorney General
Attorney for the Defendant(s) Governor Andrew M. Cuomo, Attorney General Letitia A. James, and Commissioner of the New York State Department of Motor Vehicles Mark J.F. Schroeder.

**Office & P. O. Address:**
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York 14202
Phone: (716) 853-8400
Email: Joel.Terragnoli@ag.ny.gov


Linda Fang, Esq.
New York State Office of the Attorney General
Attorney for the Defendant(s) Governor Andrew M. Cuomo, Attorney General Letitia A. James,

and Commissioner of the New York State Department of Motor Vehicles Mark J.F. Schroeder.
**Office & P. O. Address:**
28 Liberty Street, 23rd Floor
New York, New York 10005
Phone: (212) 416-8656
Email: Linda.Fang@ag.ny.gov


AND, we hereby certify that on August 22, 2019 we mailed a true copy of the foregoing, via the United States Postal Service, to each of the following non-CM/ECF participants at the following addresses, by depositing into a United States Postal Service receptacle/depository provided for the same, true copies of the foregoing, sealed in postage prepaid, properly addressed wrappers, addressed to each of the following "amicus curiae" counsel at the following addresses, which are their last known addresses:


Christopher J. Hajec, Esq
Attorney for Immigration Reform Law Institute, appearing *"amicus curiae"*
**Office & P. O. Address:**
Christopher J. Hajec, Esq.
Immigration Law Reform Institute
25 Massachusetts Ave. NW
Suite 335
Washington, DC 20001
Phone: (202) 232-5590
Email: chajec@irli.org


Joshua Perry, Esq.
Special Counsel for Civil Rights for the Attorney General of the State of Connecticut, appearing
*"amicus curiae"*
**Office & P. O. Address:**
Office of the Attorney General of the State of Connecticut
Joshua Perry, Esq.
Special Counsel for Civil Rights
P.O.Box 120
55 Elm Street
Hartford, CT 06106
Phone: (860) 808-5372
Email: Joshua.perry@ct.gov

8

Dated:   Buffalo, New York
         August 22, 2019

                                        MICHAEL A. SIRAGUSA
                                        Erie County Attorney and Attorney for
                                        Plaintiff Michael P. Kearns in his official
                                        capacity as Clerk of the County of Erie,
                                        New York

                                        By:   s/ Kenneth R. Kirby
                                        KENNETH R. KIRBY, ESQ.
                                        Assistant County Attorney, of Counsel
                                        95 Franklin Street, Suite 1635
                                        Buffalo, NY  14202
                                        Tel:  (716) 858-2208
                                        Email: kenneth.kirby@erie.gov

                                        By:   s/Thomas J. Navarro, Jr.
                                        THOMAS J. NAVARRO, JR.
                                        Assistant County Attorney, of Counsel
                                        95 Franklin Street, Suite 1635
                                        Buffalo, NY  14202
                                        Tel:  (716) 858-2208
                                        Email:  thomas.navarro@erie.gov