

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | BARBARA D. UNDERWOOD<br>SOLICITOR GENERAL<br>DIVISION OF APPEALS & OPINIONS |

August 22, 2019

**BY ECF**

Honorable Elizabeth A. Wolford
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

    Re:    *Kearns v. Cuomo et al.*, No. 19-cv-00902 (EAW)

Your Honor,

    On behalf of defendants, I write in opposition to the motion to intervene filed by Daniel T. Warren (ECF No. 17). Warren seeks to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a)(2) (intervention as of right) and 24(b)(1)(B) (permissive intervention), for the purpose of moving to dismiss plaintiff's complaint. He alternatively seeks leave to participate as *amicus curiae* in support of defendants.

    The Court should exercise its discretion to deny Warren's motion to intervene because Warren cannot satisfy the requirements for intervention. *See Rios v. Enterprise Ass'n Steamfitters Local Union No. 638*, 520 F.2d 352, 358 (2d Cir. 1975). Among other things, where the proposed intervenor and a named party share the same "ultimate objective," the party seeking intervention must make a "rigorous showing" to overcome the presumption that his interests will be adequately represented by the named party. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001). This heightened standard is particularly appropriate where, as here, the named parties are governmental entities already "charged by law" to represent the proposed intervenor's interests. *See United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 987 (2d Cir. 1984); 7C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1909 ([Westlaw] 3d ed. 2019) ("compelling showing" required to rebut adequacy of representation where government is party).

    Here, Warren admits that he "does not seek any different relief" than defendants—that is, dismissal of plaintiff's complaint. (*See* Warren's Mem. of Law in Supp. of Mot. for Intervention (Mem.) at 4 (ECF No. 17-2).) But he has made *no* showing to support his conjecture that

defendants will not adequately represent his interests because they "may choose" to "render this action moot rather than vigorously defend" it (*see id.* at 6). To the contrary, defendants plainly demonstrated that they will forcefully litigate against plaintiff's claims when they filed their motion to dismiss the complaint and opposition to plaintiff's preliminary injunction motion. (*See* ECF Nos. 24-25.) That Warren claims a different motivation for seeking dismissal—purportedly based on protecting Erie County coffers from a potential loss of revenues[1] resulting from plaintiff's refusal to issue standard driver's licenses to certain noncitizens (*see* Mem. at 6)—is insufficient to show inadequacy of representation. *See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co*, 922 F.2d 92, 98 (2d Cir. 1990); *United States v. New York State Bd. of Elections*, 312 F. App'x 353, 354-55 (2d Cir. 2008).

Warren has also failed to demonstrate how any potential loss of revenue by the county would impact him personally so as to give him the requisite "direct, substantial, and legally protectable" interest in this action under Rule 24(a)(2). *See Washington Elec. Co-op.*, 922 F.2d at 97. Indeed, Warren's purported interest here—based on a hypothetical loss of revenues to Erie County *if* certain noncitizens apply for standard driver's licenses in the county and *if* plaintiff then refuses to issue driver's licenses to these noncitizens—does not satisfy Rule 24(a)(2) standards because it is impermissibly "contingent upon the occurrence of a sequence of events." *See id.*

Nor is permissive intervention under Rule 24(b)(1)(B) appropriate in this case because Warren's proposed bases for dismissing plaintiff's complaint are largely duplicative of the arguments already raised by defendants in their motion. *See British Airways Bd. v. Port Auth. of New York & New Jersey*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976) (denying request for permissive intervention where third party "presents no new questions").

In sum, this Court should deny Warren's request to intervene. Defendants, however, do not object to Warren's alternative request to participate as *amicus curiae* should the Court conclude that such participation would be helpful to the Court. *See, e.g.*, *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 394 (E.D.N.Y. 2011).

Respectfully submitted,

/s/ Linda Fang

Linda Fang
Assistant Solicitor General
(212) 416-8656

cc: Counsel for plaintiff (via ECF)
      Daniel T. Warren (via U.S. mail)

---

[1] Pursuant to Vehicle and Traffic Law § 205(3), county clerks performing DMV functions are entitled to a percentage of the gross revenues collected for performing these functions.