UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL P. KEARNS, in his official capacity as Clerk of the County of Erie, New York

                Plaintiff,

-v-

ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and MARK J.F. SCHROEDER, in his official capacity as Commissioner of the New York State Department of Motor Vehicles,

                Defendants.

REPLY MEMORANDUM OF LAW OF DANIEL T. WARREN IN SUPPORT OF MOTION FOR INTERVENTION TO MOVE FOR DISMISSAL OF THE COMPLAINT OR ALTERNATIVELY TO BE PERMITTED TO PARTICIPATE AS AMICUS CURIAE

Case # 19-cv-902



## APPLICABLE STANDARD FOR INTERVENTION UNDER FRCP 24 (A)(2)

F.R.C.P. 24(a)(2) provides for Intervention of Right as follows:

    (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

        (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under Rule 24(a)(2), to intervene as of right, "the moving party must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Allen v. Dairy Farmers of America, Inc., No. 5:09-cv-230, 2015 WL 4758255, at*5 (D. Vt.

Aug. 11, 2015) quoting Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir.2014) (quoting R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp., 467 F.3d 238, 240 (2d Cir.2006)).

### (1) TIMELY APPLICATION.

Plaintiff nor Defendants do not raise any issue with the timeliness of this application to intervene.

### (2) Show an Interest in the Action.

Movant-Intervenor is a citizen taxpayer as that term is defined by State Finance Law § 123. Plaintiff asserts that the only funds at issue are municipal funds and that this statute does not provide me with standing. What Plaintiff is failing to acknowledge that all funds collected by him as an agent for the New York State Department of Motor Vehicles are state funds within the meaning of this statute. Plaintiff gets to keep 12.7% of these state funds for acting as the agent for the New York State Department of Motor Vehicles at which point they become municipal funds.

For every transaction Plaintiff refuses to accept in violation of the Green Light Law diminishes the amount of money the State of New York receives and constitutes an unlawful waste of state funds.

Movant-Intervenor is a taxpayer as that term is defined in General Municipal Law § 51.

General Municipal Law § 51 provides, in pertinent part, as follows: "All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them *to prevent any illegal official act* on the part of any such officers, agents, commissioners or other persons, *or to prevent waste or injury to*, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation ... ".

Plaintiff for his part receives a percentage of the revenue he collects performing his functions as an agent of the New York State Department of Motor Vehicles (VTL § 205; Complaint ¶¶ 12-13).

By refusing to comply with the Green Light Law Plaintiff's action constitutes an illegal act that results in the waste of taxpayer money to the County of Erie for each transaction Plaintiff unlawfully refuses to process under the Green Light Law together with any loss in the event this function is removed from his duties which will result in the complete loss of this revenue.

No bond is required under GML § 51 because this section requires a bond when a GML § 51 taxpayer is a plaintiff not as a defendant. It provides in pertinent part "Such person or corporation upon the commencement of such action, shall furnish a bond to the defendant therein, . . . Said bond shall be approved by said justice or judge and be conditioned to pay all costs that may be awarded the defendant in such action if the court shall finally determine the same in favor of the defendant."

In any event the failure to post a bond is not fatal to these claims. It has been held that the failure to post a bond may be cured nunc pro tunc (see, Resnick v Town of Canaan, 38 AD3d 949 [3d Dept 2007]; Matter of Schulz v De Santis, 218 AD2d 256, 259 [3d Dept 1996]). If the Court determines that a bond is necessary, I respectfully request the Court to set the amount of the bond and to deem any such bond filed nunc pro tunc.

**(3) Demonstrate that the Interest may be Impaired by the Disposition of the Action.**

Plaintiff asserts that the case of Mastercard International Incorporated v. Visa International Service Association, Inc., 471 F.3d 377, 390 (2d Cir. 2006) requires that I be a necessary party as that term is defined in FRCP 19. However, the Second Circuit has "explained that '[i]ntervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand,' and that, '[i]n

resolving the tension that exists between these dual concerns, the particular facts of each case are important, and prior decisions are not always reliable guides.'" (Floyd V. City of New York, 770 F.3d 1051 (2014)).

The United States Court of Appeals for the Second Circuit has held that when an intervenor as of right is not seeking any different relief than the party on whose side they are seeking to intervene on, they are not required to demonstrate standing. It is only when the intervenor seeks relief different from the party on whose side they seek to intervene on that the intervenor is required to demonstrate standing (See: Laroe Estates, Inc. V. Town of Chester, 828 F.3d 60 (2016) affirmed 137 S.Ct. 1645 (2017)). Therefore, it follows since I am not seeking relief different from the named defendants on whose side I seek to intervene on I am not required to demonstrate standing. If I am not required to demonstrate standing then it follows that I do not need to be a necessary party. A party is necessary if, without joinder, "the court cannot accord complete relief among the parties." FRCP 19(a)(1)(A); Confederated Tribes v. Lujan, 928 F.2d 1496, 1501 (9th Cir. 1991). Because while all necessary parties have standing not all those who have standing are necessary parties.

This action may be disposed in such a manner that does not protect Movant-Intervenor's interests in preserving the revenue stream that the Erie County Auto-Bureau provides to the general fund of Erie County and loss of that stream, in whole or in part, results in an increase in my taxes. For example, the State Defendants may choose to take on this function themselves and render this action moot rather than vigorously defend this action or the Plaintiff may deter those who would otherwise use the Erie County Auto Bureau to process their DMV transactions to use other means to have them processed.

Movant-Intervenor's ability to protect his interests will be both impaired and impeded if he is denied intervention. There is no other party which is even concerned with preserving this revenue stream that helps ease the burden of the taxpayers of Erie County.

**(4) Show that the Interest is not Protected Adequately by the Parties to the Action.**

Plaintiff and Defendants assert that my interest will be adequately represented by the Defendants based solely on the grounds that the Defendants have moved to dismiss his action and oppose Plaintiff's motion for a preliminary injunction. While the Defendants raise some of the same grounds for dismissal of the Complaint and denial of Plaintiff's motion for a preliminary injunction, my proposed motion and the State Defendants' motion are not identical. First it should be noted that this motion to intervene together with my proposed motion to dismiss was served and filed before any response to the Complaint by the State Defendants. The State Defendants' motion fails to raise the issue that there is a necessary and indispensable party missing, namely The United States. It also fails to address the effect of the absence of The United States on Plaintiff's alleged injury of fear of federal prosecution upon which Plaintiff asserts Article III standing. Plaintiff, has asserted that due to the position the Defendants have taken on their motion to dismiss that the United States should be given the opportunity for the United States to intervene under 28 USC § 2403 (Doc. 33). This just highlights my position that the United States is a necessary and indispensable party.

Even the State Defendants do not state that they will not remove Plaintiff as an agent for the NYS DMV in their opposition to my motion for intervention. There is no saying that if the State Defendants cannot get out of this action quickly on their motion to dismiss that they will adequately represent the Movant-Intervenors' focused interests on the revenue the Plaintiff's function as agent to the New York State Department of Motor Vehicles brings to the general fund of the County of Erie to

the benefit of its taxpayers, as Movant-Intervenor and the State Defendants do not share the same interests.

### APPLICABLE STANDARD FOR INTERVENTION UNDER FRCP 24(B)(1)(B)

Plaintiff conflates my interest to be protected and the issues involved in this litigation. As set forth in my proposed motion to dismiss I do not seek to interject any collateral or extraneous issues into this litigation. I am prepared to serve and file my motion to dismiss immediately if granted intervention so that the current scheduling order so that opposition to it could be due on or before 9/16/2019 any reply in support of the motion to dismiss would be due on or before 9/27/2019. This will not delay or prolong this action.

### ALTERNATIVELY, DANIEL T. WARREN SHOULD BE GRANTED AMICI CURIAE STATUS

Neither Plaintiff nor Defendants take any position on me participating as Amicus Curiae.

### CONCLUSION

For the foregoing reasons, Daniel T. Warren respectfully request that the Court grant his Motion to Intervene. In the event that this Court does not grant intervention, Movant-Intervenor respectfully request that this Court grant Movant-Intervenor amici curiae status.

DATED:   August 26, 2019
         Buffalo, New York

                                        _____
                                        Daniel T. Warren
                                        Movant-Intervenor, Pro Se
                                        836 Indian Church Road
                                        West Seneca, New York 14224
                                        716-265-0526

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL P. KEARNS, in his official capacity as Clerk of the County of Erie, New York | **DECLARATION OF SERVICE**<br><br>Case # <u>19-cv-902</u> |
| Plaintiff, | |
| -v- | |
| ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and MARK J.F. SCHROEDER, in his official capacity as Commissioner of the New York State Department of Motor Vehicles, | |
| Defendants. | |

I, Daniel T. Warren, make the following declaration under the penalties of perjury that the following is true and correct, to the best of my knowledge, information and belief.

On August 6, 2019, I served the within Reply Memorandum of Law of Daniel T. Warren In Support of Motion for Intervention to Move for Dismissal of the Complaint or Alternatively To be Permitted to Participate ss Amicus Curiae in the above entitled action into the custody and control of the United States Postal Service for delivery by first class mail to the following:

Thomas J. Navarro, Esq.
Erie County Law Department
95 Franklin Street, Suite 1634
Buffalo, NY 14202

George Michael Zimmerman, Esq.
NYS Attorney General's Office
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202

Christopher J. Hajec
Immigration Reform Law Institute
25 Masssachusetts Ave NW, Suite 335
Washington, DC 20001

Joshua Perry
Attorney General, State of Connecticut
Special Counsel for Civil Rights
55 Elm Street
Hartford, CT 06106-0120

Executed on:   August 26, 2019            _____
                                          Daniel T. Warren

Daniel T. Warren
836 Indian Church Road
West Seneca, New York 14224-1235
716-265-0526
E-mail: d.warren@roadrunner.com

August 27, 2019

Hon. Elizabeth A. Wolford
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

    RE: Kearns v. Cuomo, et al, Case # 19-CV-00902

Dear Judge Wolford:

    Enclosed is a courtesy copy of my Reply Memorandum of Law in further support of my motion to intervene with proof of service in the above referenced action.

    By copy of this letter I am sending the originals to the Clerk of Court for filing.

    Thank you for your attention in this and all future matters.

Sincerely,

*/s/ Daniel T. Warren*

Daniel T. Warren

Cc:   Mary C. Loewenguth, Clerk of Court
      United States District Court
      2 Niagara Square
      Buffalo, NY 14202-3498



DANIEL T WARREN
836 INDIAN CHURCH RD
WEST SENECA NY 14224-1235

SHIP
TO: CLERK OF COURT
UNITED STATES DISTRICT COURT
2 NIAGARA SQ
BUFFALO NY 14202-3350

Carrier -- Leave if No Response

USPS TRACKING #

9405 5036 9930 0095 3521 44

Electronic Rate Approved #038555749

USDC - WDNY
BUFFALO
AUG 30 2019

Expected Delivery Date: 08/29/19
C030
0006

PRIORITY MAIL
POSTAGE REQUIRED