UNITED STATES DISTRICT COURT:
WESTERN DISTRICT OF NEW YORK

MICHAEL P. KEARNS, in his individual capacity and official capacity as Clerk of the County of Erie, New York,

           Plaintiff,

No. 1:19-cv-00902-EAW

v.

ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and MARK J.F. SCHROEDER, in his official capacity as Commissioner of the New York State Department of Motor Vehicles,

           Defendants.

**NOTICE OF MOTION FOR LEAVE TO FILE [PROPOSED]**
***AMICUS CURIAE*** **BRIEF OF NEW YORK STATE**
**CONSERVATIVE PARTY**

PLEASE TAKE NOTICE that the New York State Conservative Party (hereafter, "*Amicus*"), through its undersigned counsel, hereby moves the Court to grant an Order allowing *Amicus* to file an *amicus curiae* brief in support of Plaintiffs' motion for a preliminary injunction. *Amicus* submits herewith a motion providing reasons why this Court should choose to accept the brief, as well as a copy of the proposed *amicus curiae* brief it requests leave to file.

Dated: New York, New York
      September 20, 2019

*[signature]*
DENNIS HOUDEK, ESQ.
ATTORNEY FOR *AMICUS CURIAE* NEW YORK STATE CONSERVATIVE PARTY
305 Broadway, Seventh Floor
New York, NY 10007
(212) 822-1470

## MOTION FOR LEAVE TO FILE PROPOSED BRIEF OF *AMICUS CURIAE* ON BEHALF OF PLAINTIFF

*Amicus* respectfully moves this Court, pursuant to its broad discretion to allow for the appearance of *amicus curiae* in a district court case, for leave to file the concurrently submitted *amicus* brief (i) in support of Plaintiff's motion for a preliminary injunction (Docket No. 3); and (ii) in opposition to Defendants' motion to dismiss (Docket No. 24). *Amicus* certifies that this brief was not written in whole or in part by the counsel for any party, and that no person or entity other than the *Amicus* and its counsel made a monetary contribution to the preparation and submission of this brief.

I. **Interests of the *Amicus***

The New York State Conservative Party has, for over fifty (50) years, advocated tirelessly for the strict enforcement of our nation's federal laws prohibiting illegal immigration. The case at bar clearly represents a bald-faced and admitted effort to do an end-run around those laws, federal laws that clearly preempt state action in that field. Accordingly, *Amicus* has a strong interest in the outcome of this proceeding. Moreover, *Amicus* is only one of two voices that will be raised as an *Amicus* on the side of the Plaintiff. *See, e.g.*, Docket Nos. 19 and 21, consisting of the amicus brief in support of Plaintiff submitted by the Immigration Reform Law Institute. In stark

contrast, no less than twelve (12) separate entities have, to date, filed *amicus curiae* briefs on behalf of the Defendants herein. These twelve (12) separate entities consist of (i) the Connecticut Attorney General (*e.g.*, Docket No. 16 herein); (ii) Daniel T. Warren (*e.g.*, Docket Nos. 17 and 39 herein); (iii) the State of California (*e.g.*, Docket No. 35 herein); (iv) the State of Delaware (*e.g.*, Docket No. 35 herein); (v) the State of Hawaii (*e.g.*, Docket No. 35 herein); (vi) the State of Illinois (*e.g.*, Docket No. 35 herein); (vii) the State of Maryland (*e.g.*, Docket No. 35 herein); (viii) the State of Nevada (*e.g.*, Docket No. 35 herein); (ix) the State of Washington (*e.g.*, Docket No. 35 herein); (x) the District of Columbia (*e.g.*, Docket No. 35 herein); (xi) the Rural and Migrant Ministry (Docket Nos. 42-45 and 55); and (xii) the New York Civil Liberties Union (Docket Nos. 52-54 and 56-58). It is respectfully submitted that the mere fact that *Amicus* is one of the few voices speaking on behalf of the Plaintiff alone mandates granting leave for filing an *amicus curaie* brief as one of the few counterweights to the avalanche of twelve (12) separate *amicus* briefs filed on behalf of the Defendants.

At this point, and in an excess of caution and an effort to relieve the burden on this Court, I note that this Court can and must take judicial notice of all of the documents from the prior proceedings and draw its own conclusions as to their force and effect. This court may take judicial notice of its records and files, including, of course, the other papers submitted

previously herein. *Walker v. City of New York*, 46 A.D.2d 278 (1st Dept. 2007). Indeed, this court may even take judicial notice of a record in the same court concerning either the pending matter or of some other action. *Allen v. Strough*, 301 A.D.2d 11 (2d Dept. 2002). In addition, this court may take judicial notice of prior judicial proceedings though in a different court and involving different parties. *Matter of Justin EE,* 153 A.D.2d 772 (3d Dept. 1989); *Mendelovitz v. Cohen*, 26 Misc.3d 1230(A) (Sup. Ct. Kings Cty. 2010). This settled law is based on common sense considerations of judicial economy. *See, e.g., In re Aerial Transit Co.*, 190 Bankr. 464 (Bankr. S.D. Fla. 1990) (judicial notice should be taken so as not to "grind the same corn twice"); *In re Applin*, 108 Bankr. 253 (Bankr. E.D. Cal. 1989) (judicial notice of "basic filings" in all proceedings).

## II. <u>Reasons for Filing</u>

*Amicus* has reviewed the documents filed to date by the parties and other *amici* to this proceeding and are familiar with the issues before this Court in the instant case. The accompanying proposed brief will assist this Court by providing additional analysis of the applicable standard for application of the preemption doctrine to immigration issues, as well as the standard of review for laws pertaining in to same. These issues will not be addressed in similar

detail and scope by Plaintiff. Accordingly, a separate brief is necessary to permit *Amicus* to address these issues.

The *Amicus's* request to file an *amicus curiae* brief follows from its substantial interest and continuing work to help ensure that federal immigration laws are not impinged by unwarranted state intrusions on same. Indeed, Amicus has been an outspoken proponent on this issue for over fifty (50) years, and its intense interest in this issue cannot possibly be disputed.

### III. Granting Leave to File This *Amicus Curaie* Brief is Eminently Proper

As an initial matter, "[t]here are no strict prerequisites that must be established prior to qualifying for *amicus* status; an individual seeking to appear as *amicus* must merely make a showing that his participation is useful to or otherwise desirable by the court." *United States v. Louisiana*, 751 F.Supp. 606, 620 (E.D. La. 1990). Although some courts have required that the *amicus* possess some "unique information or perspective," this does not require any particular quantum of expertise beyond the expectation that the *amicus* will add significantly to, not merely parrot, the contributions from the lawyers from the parties. *See Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997).

Accordingly, although there is no federal rule or statute governing participation by amicus curiae at the district court level, *see United States v. Gatti*, 755 F.Supp. 1157, 1158 (E.D.N.Y. 1991), a federal district court has the inherent authority to invite participation by *amicus curiae* to assist the court in its proceedings. *United States v. Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990); *United States v.Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987). The decision to invite or accept participation by an *amicus* is committed to the sound discretion of the court, *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974). *See also Youming Jin v. Ministry of State Sec*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)(District courts have " inherent authority " to grant participation by an *amicus curiae*, which is derived from Federal Rule of Appellate Procedure 29); *Nat'l Ass'n of Home Builders v. US Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007)

In determining whether to grant leave to participate as an *amicus*, Courts have " broad discretion," and *amicus* status is generally allowed when "the information offered is timely and useful." *Ellsworth Assocs. v. US* , 917 F. Supp. 841, 846 (D.D.C. 1996) (same).

Specifically, Courts "normally allow" an *amicus* brief "when the *amicus* has unique information or perspective that can help the court

7

beyond the help that the lawyers for the parties are able to provide." *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d at 137 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 10564 (7th Cir. 1997)); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). This assistance to the court may take many forms, including "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See Northern Mariana Islands v. United States*, 2009 U.S. Dist. LEXIS 125427, 3-4 (D.D.C. Mar. 6, 2009).

Indeed, as is the case at bar, the classic role of the *amicus curiae* is to assist in a case of general public interest, supplement the efforts of counsel, and draw the court's attention to law that may otherwise escape consideration. *Miller-Wohl Co., Inc. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982); *see also New England Patriots Football Club, Inc., v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979) (historically, the role of an *amicus* was "to aid the court in resolving doubtful issues of law"). There is no requirement that an *amicus* be disinterested. *Funbus Systems, Inc. v California Public Utilities Commission*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("perfectly permissible role" for *amicus* to "take a legal position and present legal arguments in support of it"); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (same); Krislov, *The Amicus Curiae*

*Brief: from Friendship to Advocacy*, 72 Yale L.J. 694(1963). Indeed, "by the nature of things an amicus is not normally disinterested." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970);Tigar, *Federal Appeals:*

*Jurisdiction and Practice*, at 133 (1993) ("An *amicus* brief is rarely disinterested; usually it supports one party or the other").

## CONCLUSION

For all of the foregoing reasons, *Amicus* respectfully requests that it be granted leave to file the attached *amicus* brief.

Dated: September 20, 2019

Respectfully submitted,

Dennis Houdek, Esq.
Counsel for *Amicus Curiae*
305 Broadway, Seventh Floor
New York, NY 10007
(212) 822-1470